IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.R. ROSATI, INC. | : CIVIL ACTION |
| | : |
| v. | : NO. 16-4059 |
| | : |
| UNISHIPPERS GLOBAL LOGISTICS, LLC, *et al* | : |

ORDER-MEMORANDUM

**AND NOW**, this 31st day of October 2016, upon consideration of Defendant Unishippers Global Logistics, LLC's ("Unishippers") Motion to Dismiss (ECF Doc. No. 14), Plaintiff's Opposition (ECF Doc. No. 24), our October 19, 2016 Order beginning discovery (ECF Doc. No. 21) and finding discovery is necessary to resolve questions of fact concerning specific personal jurisdiction over Unishippers, determining proper venue and whether Plaintiff stated a claim and mindful co-defendant Cargo Solutions Express, Inc. has yet to answer the Complaint served upon it on October 18, 2016, it is **ORDERED**:

1. Defendant's Motion (ECF Doc. No. 14) is **DENIED** without prejudice to be renewed, if warranted, on or before **December 7, 2016;** Opposition, if any, shall be filed no later than **December 19, 2016.** Unishippers shall file an Answer without waiving the jurisdiction, venue and failure to state a claim arguments no later than **November 14, 2016.**

2. Consistent with focusing initial discovery on the threshold issues:

    a. Responses to written discovery regarding the relationship, if any, between Unishippers, its franchisee and Cargo Solutions Express, Inc. shall be fulsome and produced within ten days of emailing the discovery requests;

    b. The parties may notice Rule 30(b)(6) designee depositions at mutually

convenient dates and times necessary to address the relationship and day to day control, if any, between Unishippers, its franchisee and Cargo Solutions Express, Inc. to be completed no later than **November 30, 2016**; and,

      c.     All other discovery shall proceed in accord with the Federal and Local Rules of Civil Procedure and our Policies as we prepare for the November 8, 2016 Initial Pretrial Conference.

## *Analysis*

S.R. Rosati, Inc. ("Rosati") sues the alleged carriers of its water ice which allegedly melted in transit between Philadelphia and California. Unishippers is a franchisor; its out-of-state franchisee acted as a broker hiring Cargo Solutions Express, Inc. ("Cargo") to transport the water ice. Unishippers moves to dismiss arguing we lack specific personal jurisdiction over it, this District is an improper venue and Rosati cannot state a claim against it as the franchisor.

Much of the pending Motion focuses on whether Unishippers is responsible for the conduct of its franchisee and the contracting carrier, Cargo. Unishippers claims it does not operate in Pennsylvania and has not conducted business with Rosati in Pennsylvania.[1] Rosati counters Unishippers targets its marketing efforts to, and continuously conducted business with, a Pennsylvania resident.[2]

We could not exercise general personal jurisdiction over Unishippers as it is not essentially at home in Pennsylvania. The threshold issue is whether we can exercise specific personal

---

[1] ECF Doc. No. 14-3. ¶¶ 13-16.

[2] ECF Doc. No. 24, Ex. B.

2

jurisdiction over Unishippers based on its relationship with a franchisee which purposefully hired a carrier to transport a Pennsylvania citizen's product. We must ensure defendants receive due process under the Fourteenth Amendment.[3] We first determine whether Unishippers had minimum contacts with Pennsylvania to cause Unishippers to "reasonably anticipate being haled into court" here.[4] Assuming Unishippers has minimum contacts with Pennsylvania, we can then inquire whether asserting personal jurisdiction over it will comport with fair play and substantial justice.[5]

A minimum contacts analysis "focuses on the relationship among the defendant, the forum, and the litigation."[6] This relationship must arise from the contacts "the defendant *himself* creates with the forum state."[7] A minimum contacts inquiry cannot be established through the plaintiff's or a third party's relationship to the forum state.[8] We examine Unishippers' contacts with Pennsylvania.[9] We can assert jurisdiction over a defendant who purposefully reached out beyond their home state into Pennsylvania.[10] Examples of this include entering into a contract

---

[3] *Pennzoil Prod. Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 201 (3d Cir. 1998).

[4] *Id.*

[5] *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

[6] *Scott v. Lackey*, 587 F. App'x 712, 716 (3d Cir. 2014) (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014)) (quotation marks omitted).

[7] *Walden*, 134 S.Ct. at 1122.

[8] *Id.*

[9] *Id.*

[10] *Id.*

that "envisions continuous and wide-reaching contacts" in the forum state.[11] The relationship between the defendant and the plaintiff cannot be the only link between the defendant and the forum; the defendant's conduct must form the connection with the forum state.[12] While a defendant's contacts "may be intertwined with his transactions or interactions with the plaintiff or third parties,"... "a defendant's relationship with a plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction.[13] Unishippers does not have to physically enter Pennsylvania for us to exercise personal jurisdiction over it.[14] A defendant must "deliberately target the forum."[15] Contacts amounting to purposeful availment necessary for specific personal jurisdiction may include cultivating a relationship by mail and trading phone calls.[16]

Outside of Unishippers' direct relationship with Rosati, we must determine whether Unishippers is responsible for its franchisee's conduct affecting Rosati. A franchisor is vicariously responsible for a franchisee's misconduct if the franchisor has control of the franchisee's day-to-day operations.[17] Rosati must show Unishippers "has the right to control the manner in

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

[15] *Id.*

[16] *Id.*

[17] *Myers v. Jani-King of Philadelphia, Inc.*, No. 09-1738, 2015 WL 1055700, at *13 (E.D. Pa. Mar. 11, 2015), *aff'd sub nom. Williams v. Jani-King of Philadelphia Inc.*, No. 15-2049, 2016 WL 5111920 (3d Cir. Sept. 21, 2016).

4

which its franchisees perform their day-to-day activities through common evidence."[18] A franchisor's common-quality control programs are not enough to establish day-to-day control if a franchisee has the ability to determine how to meet these requirements.[19] A franchise agreement denying the existence of an agency relationship is not determinative.[20] "Whether the control retained by the franchisor is also sufficient to establish a master-servant relationship depends in each case upon the nature and extent of such control as defined in the franchise agreement or by the actual practice of the parties."[21]

Certain sections of the Franchise Agreement address Unishippers' relationship with its franchisee including: Section 3.02, Operations Manual, which contains mandatory and suggested specifications, standards, operating procedures, and rules; Section 3.09 provides franchisee shall require sales personnel to attend Unishippers' training sessions; Section 3.12 on Marketing Standards; and, Section 3.21, "Training for Franchisee." The Operating Manual, referenced in Section 3.02, is not included in the Franchise Agreement.

---

[18] *Id.* at *14.

[19] *Id.* at *15.

[20] *Id.* at *13. ECF Doc. No. 14-3, 8.01 of Franchise Agreement, p. 47. Unishippers' Franchise Agreement provides "[t]his Agreement does not in any way create a fiduciary relationship, or the relationship of principal and agent or employer and employee between the parties." Vicarious liability does not rest on the agreement so this section is not determinative of Unishippers' relationship with its franchisee.

[21] *Id.*

5

Rosati requests "an opportunity to conduct discovery and obtain the operating manuals, guidelines and policies identified in the franchise agreement to determine the level of control Unishippers maintains over the day-to-day operations of its franchisees."[22] Expedited discovery into these issues involving all parties will be helpful in determining the jurisdiction, venue and possibly merit issues.

_____
KEARNEY, J.

---

[22] ECF Doc. No. 24, p. 8.